IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,

    Petitioner,

v.                                            CASE NO. 3:15-cv-550-LC-GRJ

ESCAMBIA COUNTY
SHERIFF'S DEPARTMENT,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On December 9, 2015, Plaintiff filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (ECF No. 1.)

Petitioner challenges her August 6, 2013 arrest by the Escambia County Sheriff's Department for trespassing/failure to leave property upon order by owner. In the Petition, Petitioner represents that she is not currently incarcerated and that the charges against her were dropped before her plea date. The Court recommends that the Petition be dismissed for the following reasons.

First, Petitioner did not pay the $5.00 habeas corpus filing fee, nor did she file a motion for leave to proceed as a pauper. On December 14,

2015, the Court ordered Petitioner to either file an application for leave to proceed as a pauper or to pay the $5.00 filing fee by January 13, 2016. (ECF No. 4.) As of January 26, 2016, Petitioner still had not filed an application for leave to proceed as a pauper or paid the filing fee. Accordingly, on January 26, 2016, the Court ordered Petitioner to show cause by February 16, 2016, as to why her Petition should not be dismissed. (ECF No. 6.) As of the date of this report and recommendation Petitioner has failed to do so.

Second, Petitioner is not in custody pursuant to the judgment of a state court and thus is not entitled to relief under § 2254. As the Court explained in its January 26, 2016 order to show cause, relief under § 2254 is available to a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001). In *Maleng v. Cook*, 490 U.S. 488, 491–92 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas petition.

Petitioner represents in her Petition that the imposed "sentence" was 10–11 days and that she is not currently incarcerated. Further, the charges against Petitioner were dropped before her plea date. A review of the Escambia County Clerk of Court's website discloses that Petitioner is not currently in custody and that the disposition for the charge against Petitioner for the offense identified in her Petition was "nolle prosequi." The entry of nolle prosequi is not a judgment by a state court. *Al-Hakim v. Roberts*, No. 8:08-CV-01370-T-17-EAJ, 2009 WL 2147062, at *4 (M.D. Fla. July 13, 2009). Petitioner, therefore, is neither in custody, nor was there a "judgment" by a state court entitling Petitioner to pursue relief under § 2254.  Accordingly, the Court ordered Petitioner to show cause by February 16, 2016, as to why her petition should not be dismissed on this ground. (ECF No. 6.)  As of the date of this report and recommendation, Petitioner has failed to do so.

Third, the relief Petitioner seeks in her Petition is an inappropriate form of relief under § 2254.  The relief Petitioner's requests includes a request for the Court to stop false imprisonment, remove all corrupt judiciary studies of her case, return her money, clear all charges from the system, issue indictments, and stop the obstruction of justice. (ECF No. 1

at 14.)  None of this requested relief is an appropriate form of relief in a habeas petition. *See Fay v. Noia*, 372 U.S. 391 (1963) ("[F]or the only remedy that can be granted on habeas is some form of discharge from custody.").

In addition to failing to respond to the Court's order to show cause, Petitioner has also failed to either pay the habeas filing fee or file a motion for leave to proceed as a pauper. The Court informed Petitioner on two separate occasions that failure to comply with the Court's orders within the allotted time may result in a recommendation to the District Judge that the case be dismissed without further notice. (ECF Nos. 4, 6.)[1] Petitioner's failure to comply with the Court's orders has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case[.]" *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir. 1983); *see also Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power

---

[1] The Court also informed Petitioner twice that if she failed to respond and the case is dismissed that any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. (*Id.*)

to control its docket includes the inherent power to dismiss a case."); *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute[.]"). Moreover, the Local Rules of the Northern District of Florida provide that when no satisfactory cause is shown as to why a case should not be dismissed, then the Court may dismiss an inactive case for want of prosecution. N.D. Fla. Loc. R. 41.1.

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Petitioner's failure to comply with the Court's orders amounts not only to a failure to prosecute, but also an abandonment of her case for which dismissal is an appropriate sanction.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed without prejudice.

**IN CHAMBERS** this 18th day of February, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**